UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PROXICOM WIRELESS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | CASE NO.:  6:19-cv-01886-RBD-LRH |

**NOTICE UPON RESOLUTION OF DEFENDANT'S
PETITIONS FOR *INTER PARTES* REVIEW**

Plaintiff and Defendant in the above-captioned case provide notice, pursuant to this Court's Order staying this litigation (Dkt. No. 84), of the resolution of all of Defendant's related petitions for *inter partes* review before the Patent Trial and Appeal Board ("PTAB"). Defendant filed ten petitions for *inter partes* review challenging the asserted claims of the patents-in-suit between May 8 and June 1, 2020. Of Target's original petitions, nine petitions were granted and one petition was denied. On November 8, 2021, the PTAB entered Final Written Decisions in the first five proceedings. On November 30, 2021, the PTAB entered Final Written Decisions in the remaining four proceedings.

**Plaintiff's Statement**: *Proxicom Requests that the stay be lifted, as the PTAB IPR proceedings have now concluded.* As a result of those proceedings, the PTAB confirmed the patentability of five patent claims that are asserted against Target

in the instant district court proceeding: Claims 37 and 43 of U.S. Patent No. 8,090,359; and Claims 25, 26, and 28 U.S. Patent No. 8,374,592.[1] The patentability of these Claims now confirmed, and the issues to be litigated significantly streamlined—including because Target is now barred from asserting invalidity of these claims in this Court on any ground it could have raised in the IPRs as set forth in 35 U.S.C. § 315(e)(2)—Proxicom is eager to have its day in Court.

The stay factors considered by the Court have been realized—in particular, the PTO provided its particular expertise; the validity of the five identified Claims is confirmed; the issues, defenses, and evidence are now focused; the prior art and file histories are focused including because the positions that Target adopted with respect to the meaning and scope of the prior art are informative to its infringement of the claims; and judicial economy has already been served. At this point, costs will no longer be reduced, Target now deciding that it does not like what the PTO had to say about the confirmed Claims. Target's decision to proceed with an appeal will only add further delay and cost, and discourage settlement, frustrating the very stay factors that it implored upon the Court. Indeed, Target's pursuit of an appeal should not dissuade this Court from moving forward; the Federal Circuit's reversal rate of PTAB IPR decisions is below 25%, even lower

---

[1] The PTAB refused to institute any proceedings on U.S. Patent No. 8,116,749.

(around 5%) on factual findings like those identified in Target's Notices of Appeal.[2]

**Defendant's Statement**: Of the patents and claims addressed in the Final Written Decisions, the PTAB held that 116 claims in eight patents were shown to be unpatentable and six claims in two of those patents were not shown to be unpatentable. Among the 117 claims asserted in this litigation, the PTAB has found 105 claims unpatentable:

- U.S. Patent No. 7,936,736: all 13 asserted claims unpatentable;

- U.S. Patent No. 8,090,359: 27 asserted claims unpatentable and 2 asserted claims not unpatentable;

- U.S. Patent No. 8,374,592: 4 asserted claims unpatentable and 3 asserted claims not unpatentable;

- U.S. Patent No. 9,038,129: all 15 asserted claims unpatentable;

- U.S. Patent No. 8,385,896: all 18 asserted claims unpatentable;

- U.S. Patent No. 8,369,842: all 8 asserted claims unpatentable;

- U.S. Patent No. 9,161,164: all 8 asserted claims unpatentable; and

---

[2] *See* At the PTAB Blog, Federal Circuit PTAB Appeal Statistics Through April 30, 2021 (May 20, 2021), *at* https://www.finnegan.com/en/insights/blogs/at-the-ptab-blog/federal-circuit-ptab-appeal-statistics-through-april-30-2021.html, *and* Law360, The Long Odds Of Obtaining IPR Reversals On Issues Of Fact (Feb. 11, 2020), *reprinted at* https://www.lmiplaw.com/obtaining-ipr-reversals/.

- U.S. Patent No. 8,385,913: all 18 asserted claims unpatentable.

The parties' deadlines for requesting rehearing or Director review of or appealing these decisions are set forth below. Target has appealed the Board's decisions regarding the '359 patent (IPR2020-00931) and the '592 patent (IPR2020-00933) with respect to the determinations that six claims (five of which are asserted in this case) had not been shown to be unpatentable.[3] Exs. K-L.

The Court stayed this case for various benefits, including (1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties. D.I. 84 at 5. All IPR proceedings have now concluded at the PTAB level, but at least two IPRs are now on appeal and the same benefits for which the Court initially stayed the case remain in play. *Id.* Patent Owner has not indicated whether it will appeal any of the PTAB's decisions. Based on the Court's Order granting the stay (D.I. 84), Target believes the case remains stayed—and should remain stayed—until the appeals are resolved. As such, Target would oppose any motion to lift the stay of this action.

---

[3] Contrary to Proxicom's assertions, Target's notices of appeal concern both issues of law and fact.

**Further Joint Statement**

On November 8, 2021, the PTAB issued Final Written Decisions (Exs. A-E) in five of the granted petitions, as summarized below:

| Asserted U.S. Patent No. | *Inter Partes* Review | Claims Found Unpatentable | Claims Found Not Unpatentable |
|---|---|---|---|
| 9,038,129 | IPR2020-00903 | 1–5, 7, 10, 11, 16–20, 25, 26 | None |
| 7,936,736 | IPR2020-00904 | 1, 5–8, 10, 12, 14, 15, 18, 20–22 | None |
| 8,090,359 | IPR2020-00931 | 1–5, 14–18, 27, 31, 36, 42, 48, 49, 52–55 | 37, 43 |
| | IPR2020-00932 | 9, 22, 28, 35, 38–41, 51 | None |
| 8,374,592 | IPR2020-00933 | 19–23 | 25, 26, 28, 29 |

No request for rehearing or USPTO Director review of these five decisions was filed before the December 8, 2021 deadline. The deadline to appeal these decisions is January 11, 2022.

On November 30, 2021, the PTAB issued Final Written Decisions (Exs. F-I) in four of the granted petitions, as summarized below:

| Asserted U.S. Patent No. | *Inter Partes* Review | Claims Found Unpatentable | Claims Found Not Unpatentable |
|---|---|---|---|
| 8,385,896 | IPR2020-00934 | 1–3, 5, 6, 8, 9, 17, 18, 40, 41, 44, 48–53, 56 | None |
| 8,369,842 | IPR2020-00977 | 1, 5, 9, 12–15, 22, 24 | None |
| 9,161,164 | IPR2020-00979 | 1–8 | None |
| 8,385,913 | IPR2020-00980 | 1–4, 6–10, 12, 15, 17, 19, 21, 32–34, 39 | None |

The deadline to request rehearing or USPTO Director review of these four decisions is December 30, 2021. If no request for rehearing or review is filed, the deadline to appeal these decisions is February 1, 2022. If a request for rehearing or review is filed, the deadline for appeal is 63 days after the request is ruled upon.

On December 4, 2020, the PTAB denied institution of the following IPR (Ex. J):

| Asserted U.S. Patent No. | *Inter Partes* Review | Institution Date | Expected Final Written Decision |
|---|---|---|---|
| 8,116,749 | IPR2020-00978 | Institution Denied | |

Respectfully submitted on December 27, 2021,

/s/  Aaron R. Hand
Denise M. De Mory (Pro Hac Vice)
Aaron R. Hand (Pro Hac Vice)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone:  (650) 351-7248
Facsimile:  (650) 351-7253
Email: ddemory@bdiplaw.com
Email: ahand@bdiplaw.com

*Counsel for Plaintiff Proxicom Wireless, LLC*

/s/  James L. Davis, Jr.
Dennis P. Waggoner
Florida Bar No. 509426
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Email: dennis.waggoner@hwhlaw.com

James R. Batchelder (*pro hac vice*)
James L. Davis, Jr. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Email: james.batchelder@ropesgray.com
Email: james.l.davis@ropesgray.com

Josef B. Schenker (*pro hac vice*)
Cassandra Roth (*pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: josef.b.schenker@ropesgray.com
Email: cassandra.roth@ropesgray.com

*Counsel for Defendant Target Corporation*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on December 27, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the Middle District of Florida, Orlando Division by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

/s/ *Cassandra Roth*
Cassandra Roth